# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NORIX GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:17-cv-07914 |
| vs. | ) |
| | ) Honorable John Robert Blakey |
| CORRECTIONAL TECHNOLOGIES, INC., | ) |
| d/b/a Cortech USA, and VDL INDUSTRIES, | ) |
| LLC, d/b/a American Shamrock, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## DEFENDANTS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF

Brian P. Murray
R. David Donoghue
Tiffany Lee
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Ste. 2700
Chicago, Illinois 60606
Tel.: (312) 263-3600
Fax: (312) 578-6666
david.donoghue@hklaw.com
brian.murray@hklaw.com
tiffany.lee@hklaw.com

Defendants Correctional Technologies, Inc., d/b/a Cortech USA and VDL Industries, LLC, d/b/a American Shamrock (collectively, "Cortech" or "Defendants"), respectfully submit this supplemental brief concerning the impact of the January 30, 2024 appeal brief ("Jan. 30 Brief") filed by Plaintiff Norix Group, Inc. ("Norix" or "Plaintiff") in the *ex parte* reexamination for U.S. Patent No. 10,507,150 ("the '150 patent") on the construction for the claim term "fastener pocket in one of the walls" at issue for U.S. Patent No. 9,661,933 ("the '933 patent").

The '150 patent issued from a continuation application from the application that issued as the asserted '933 patent, as shown in the below diagram from the Jan. 30 brief:



(SA011).

While statements made during prosecution of a related application after a patent had already issued could not give rise to estoppel, it "did not suggest, however, that such a statement of the patentee as to the scope of the disclosed invention would be irrelevant." *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004).. The Federal Circuit explained that

1

"[a]ny statement of the patentee in the prosecution of a related application as to the scope of the invention would be relevant to claim construction, and the relevance of the statement made in this instance is enhanced by the fact that it was made in an official proceeding in which the patentee had every incentive to exercise care in characterizing the scope of its invention." *Id.* Likewise here, statements made during the *ex parte* reexamination proceedings for the '150 patent are relevant to claim construction for the '933 patent.

In its Jan. 30 Brief, Norix made several statements concerning the scope and meaning of the term "in one of the walls" that are relevant to the construction of the term in this case. First, Norix's claims were rejected over the prior art in the form of the bed depicted below ("Glasspec Bed 4"):

| Glasspec Bed 4 (Original) | Glasspec Bed 4 (Annotated) |
|---|---|
|  | |

Specifically, concerning the "flanges flaring outward from the side and end wall," depicted in red in the annotated image, Norix argued that "no part of this flange is 'disposed in' a side wall or end wall." SA017. This demonstrates that the claimed "fastener pockets in one of the walls," which Norix alleges comprise the entire side wall of the accused beds – that is, the entire area bounded by the red square in the annotated photo (and not the storage compartments within the wall, because those compartments do not comprise fastener holes, which would be located on the red-highlighted flange itself), were never contemplated to comprise this overall

2

structure, that is, a flange that flares out from the wall itself. Norix went on to say "[t]here are also flanges along the other edges of the shell," SA017, again reinforcing that this specific structure is and always was walls with outward-flaring flanges, and not the inverse of pockets in the walls.

Norix made the same arguments with respect to a second bed, Glasspec Bed 7 depicted below, again stating that "no part of this flange is 'disposed in' a wall."



SA018-19. These statements by Norix are not new, and do not give rise to any new or limiting construction, but simply reinforce the plain and ordinary meaning of "in one of the walls," that is, that whatever structure must be in one of the walls must actually be within it, and not the wall itself in its entirety. This is consistent with the intrinsic evidence where the depicted fastener pockets are described and depicted as structures within an overall larger wall structure.

For this additional reason, the Court should adopt Cortech's proposed construction and hold that the claimed fastener pockets must be within and subsidiary to a wall structure, and not comprising the wall itself.

3

Dated: February 28, 2024                      Respectfully submitted,

By: /s/ *Brian P. Murray*
    Brian P. Murray
    R. David Donoghue
    Tiffany Lee
    HOLLAND & KNIGHT LLP
    150 N. Riverside Plaza, Ste. 2700
    Chicago, Illinois 60606
    Tel.: (312) 263-3600
    Fax: (312) 578-6666
    david.donoghue@hklaw.com
    brian.murray@hklaw.com
    tiffany.lee@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record below:

Caesar A. Tabet
Daniel I. Konieczny
Nicole Renae Marcotte
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street. 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9450
ctabet@tdrlawfirm.com
dkonieczny@tdrlawfirm.com
nmarcotte@tdrlaw.com

James D. Palmatier
APPLIED PATENT SERVICES, PC
P.O. Box 231
Itasca, IL 60143-0231
Telephone: (630) 306-0612
jpalmatier@aol.com

/s/ *Brian P. Murray*
Brian P. Murray