# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NORIX GROUP, INC., | |
| Plaintiff, | |
| v. | Case No. 17-cv-07914 |
| CORRECTIONAL TECHNOLOGIES, INC., d/b/a CORTECH USA, and VDL INDUSTRIES, LLC, d/b/a AMERICAN SHAMROCK, | Honorable John Robert Blakey |
| Defendants. | |

**NORIX'S SUPPLEMENTAL RESPONSIVE CLAIM CONSTRUCTION BRIEF**

This matter is before the Court for limited additional claim construction of certain claim terms in U.S. Patent No. 9,661,933 ("the '933 patent"), following the conclusion of two *ex parte* reexaminations of the '933 patent, in which the USPTO confirmed the patentability of all challenged claims of that patent in original or amended form. *See* A675-76.

Cortech also initiated two *ex parte* reexaminations of U.S. Pat. No. 10,507,150 (the "'150 patent"), which is the subject of a separate lawsuit, Case No. 20-cv-01158, before Judge Wood. In the first, the examiner confirmed the patentability of all existing claims and added four new claims. SA70-71. In the second, another examiner rejected certain claims of the '150 patent (not all claims even were challenged in the second reexamination, a point that Cortech omits from its brief). *See* SA75. On January 30, 2024, Norix filed an Appeal Brief challenging that ruling. SA1-48.

Now, Cortech has filed a supplemental claim construction brief concerning the Appeal Brief that Norix filed. ECF 229. Cortech argues that Norix made statements in the Appeal Brief that support Cortech's proposed claim construction of "a fastener pocket in one of the walls." ECF 229 at 2-3. Cortech's argument is meritless for several reasons, as described below.

### A. Cortech uses its supplemental brief to repeat its straw-man argument that "a fastener pocket in a wall" is not the entire wall, which is beside the point.

Cortech concedes (as it must) that the statements in the Appeal Brief "could not give rise to estoppel" and "are not new, and do not give rise to any new or limiting construction." *Id.* at 1, 3. Rather, Cortech contends that they "simply reinforce the plain and ordinary meaning of 'in one of the walls,' that is, that whatever structure must be in one of the walls must actually be within it, and not the wall itself in its entirety." *Id.*

Cortech's contention fails at the outset, because no one is arguing that "a fastener pocket in a wall" is *the entire wall*, which is nonsense grammatically and geometrically. The real dispute is whether a fastener pocket must be *small* relative to the wall, based on the depiction of "fastener

1

pocket 32" in the drawings, or whether it also could be large, for example like the "recessed pocket on the top of the bed," highlighted on page 17 of Norix's opening brief:



The "recessed pocket on the top of the bed" is not the entire top surface of the bed; nor are Cortech's fastener pockets the entire walls in which they are located (*see* ECF 214 at 7). They simply are large relative to the surfaces that they are "in."

Cortech does not address this head-on because Cortech's position is contrary to law: *the claim language cannot be limited to the specific configuration of the embodiment or the drawings*. In brief, fastener pockets need not always be small just because the drawings show them that way.[1]

B. **Nothing in the Appeal Brief changes that Cortech's position is wrong as a matter of law.**

Nothing in the Appeal Brief changes this or even relates to this.

*First*, the Appeal Brief relates to the '150 patent, not the '933 patent. While these patents are part of the same family, the language of the claims is different. Specifically, none of the '150 patent claims contain the term "a fastener pocket in one of the walls." *See* SA69, SA71. Thus, none of the positions taken in the Appeal Brief are directed to the claim language at issue here.

*Second*, the statements in the Appeal Brief identified by Cortech do not refer to Norix's claims even in the '150 patent—instead, they refer to the prior art beds shown in the Glasspec catalog at page 4 (SA104) and page 7 (SA107). Specifically, the statements reference the simple

---

[1] *See* Norix's opening brief, ECF 214, at 19, citing numerous cases including *TI Group Automotive Sys. (N. America), Inc. v. VDO N. America, LLC*, 375 F.3d 1126, 1138 (Fed. Cir. 2004); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1342 (Fed. Cir. 2001); *Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1306-07 (Fed. Cir. 2003).

mounting flanges shown on these beds, which Norix has consistently *distinguished from* its claimed invention. *See, e.g.*, ECF 214 at 5-6; SA22-24.

*Third*, the point Norix is making in the Appeal Brief is that the Glasspec beds have a *flange* located *not* in the wall but *in the bottom* of the beds. *See, e.g.*, SA23 ("The flanges of Glasspec Bed 4 and Glasspec Bed 7 that have a bolt hole 'extending through' the bottom are *only* in the bottom of those beds."). In the text and figures of the Appeal Brief, Norix contrasts the Glasspec flange with the "mounting flange" claimed in the '150 patent, which is "disposed in" the wall, "adjacent the bottom," and has a bolt hole "extending through" the bottom:



SA23. As shown above, the Glasspec flanges are in the bottom, while the claimed flanges of the '150 patent are "disposed in" a wall. These are not statements about fastener pockets or their relative size to the wall that they are "in."[2]

In sum, nothing in the Appeal Brief changes that Cortech's proposed claim construction of "a fastener pocket in a wall" should be rejected because it would impermissibly import limitations from the drawings into the claims, which is contrary to controlling law.

---

[2] Norix references "fastener pockets" elsewhere in the Appeal Brief, but only to state (accurately) that the "fastener pockets" of the claimed invention are located in a wall. SA4-7, SA22-24, 27-28. Norix never refers to the *size* of a fastener pocket; nor would it have reason to do so. In contrast, Cortech annotates an alleged fastener pocket in Glasspec Bed 4 on page 2 of its brief, but this is *Cortech's* annotation, not Norix's. Ironically, the structure that Cortech highlights is large relative to the wall of that bed. ECF 229 at 2.

3

Date: March 6, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**NORIX GROUP, INC.**

　　　　　　　　　　　　　　　　　　　　By: /s/ Daniel I. Konieczny
　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

James D. Palmatier (#6276972)　　　　　Caesar A. Tabet (#6196308)
PALMATIER LAW OFFICE　　　　　　　　　Daniel I. Konieczny (#6275293)
P.O. Box 231　　　　　　　　　　　　　TABET DIVITO & ROTHSTEIN LLC
Itasca, IL 60143-0231　　　　　　　　　209 S. LaSalle Street. 7th Floor
Telephone: (630) 306-0612　　　　　　　Chicago, IL 60604
jpalmatier@aol.com　　　　　　　　　　Telephone: (312) 762-9450
　　　　　　　　　　　　　　　　　　　ctabet@tdrlaw.com
　　　　　　　　　　　　　　　　　　　dkonieczny@tdrlaw.com